*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.,*
Case No. 23-cv-5262-LJL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZERO CARBON HOLDINGS, LLC and FOUR THIRTEEN, LLC<br><br>       Plaintiff,<br><br>   -v-<br><br>ASPIRATION PARTNERS, INC.,<br><br>       Defendant. | Case No. 23-cv-5262-LJL |

| **DEPOSITION DESIGNATIONS OF ROB LEE** | |
|---|---|
| **Page(s) and Line(s)** | **Testimony** |
| 69:15-70:2 | Q    Okay.  So as of that date, what steps have you taken to make sure that you are comfortable with the quality of these credits?<br><br>A    I reviewed all the documentation that the ZCH team provided around the feasibility studies and the viability of the projects and the project design.<br><br>Q    Okay.  And did you bring all of the expertise that you have to bear upon that analysis?<br><br>A   Yes. |
| 70:8-71:11 | Q    Sure.  Did you take whatever other steps you thought made sense to ensure that these credits were likely to be valuable?<br><br>A   Yes. |

1

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.*,
Case No. 23-cv-5262-LJL

|  |  |
|---|---|
|  | Q   Okay.  Was it your understanding at this time that you were getting these credits at a below-market price?<br><br>A   Yes.<br><br>Q   Okay.  And so you felt this was a very good economic deal for you; is that right?<br><br>A   Yes.<br><br>Q   Okay.  And you say, "We would appreciate an expedited review as this is a fast moving and critical opportunity for us."  Why was this a fast moving and critical opportunity for you?<br><br>A   It was fast moving because the ZCH team indicated that it was fast moving and needed to close as soon as possible, and it was a critical opportunity for us because of the economic opportunity.<br><br>Q   And when you say the economic opportunity, what do you mean?<br><br>A   We believed that the offer was at a discount to the market price of the credits. |
| 73:5-14 | Q   Well, it's also true, though, that in early -- in January 2022, your analysis of the forward price was that the forward price, at least by the end of 2022, and likely into '23, was going to be higher; correct?<br><br>A   That was our projection.<br><br>Q   That was everyone's projection; right?<br><br>A   Yes. |
| 77:3-78:5 | Q   Okay.  Now you say you relied almost entirely on ZCH, but isn't it the case that Aspiration's entire business -- well, not entire |

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.*,
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | business - or at least half of its business -- is premised upon its supposed knowledge and expertise in the area of generating carbon products?<br><br>A  Yes.<br><br>Q   And that's what you say your, sort of, field of expertise and experiences; correct, sir?<br><br>A  Yes.<br><br>Q   And it's clear from the terms of this agreement that you were not a fiduciary or -- and ZCH was not a fiduciary of yours.  You were counterparties on both sides of an arms-length transaction; correct?<br><br>MR. FARACI:  Object to form.<br><br>A  Yes.<br><br>Q    Okay.  And so there's absolutely nothing that kept Aspiration from bringing to bear all of its expertise and knowledge with respect to whether this was a good investment; correct?<br><br>A  I think that's accurate. |
| 88:18-89:15 | Q    "In the relevant quantity for such physical settlement date."  And then if you go down to the definition of capitalized carbon credits, it says, "The carbon credits issued by the registry and generated by the approved project."  Do you see that?<br><br>A  I see that.<br><br>Q    So reading the language of this agreement that you sent over, ZCH's obligation was to deliver the carbon credits issued by the registry; correct?<br><br>MR. FARACI:  Object to form. |

3

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.,*
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | BY MR. O'BRIEN:<br><br>Q   Isn't that right?<br><br>A   Yes.<br><br>Q    And so if there were no credits issued by the registry under the language of this agreement, the seller had nothing to deliver; correct?<br><br>MR. FARACI:  Object to form.<br><br>A   Right. |
| 127:20-128:13 | Q    And then it says, "Provided, however, in no event shall the aggregate physical settlement one quantity for all physical settlement one dates exceed 3.6 million carbon credits."  Do you see that?<br><br>A   I see that.<br><br>Q    So that's not a minimum number of credits that have to be delivered. That's, indeed, a maximum number that could be delivered during that period; correct?<br><br>A   Correct.<br><br>Q    Okay.  So there was no minimum guarantee for any specific number of credits to be delivered in the first period under this document; correct?<br><br>A    Under this document, I think that's right.  I don't know. |
| 128:20-129:20 | Q    And if you'll see -- this is the final document, sir.  That's phrased exactly the same way.  So under the final document as well, it was not a minimum guarantee that had to be delivered in the first period.  It was indeed a |

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.*,
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | maximum that could be delivered; correct?<br><br>MR. HARE:  Object to the form.<br><br>MR. O'BRIEN:  You can answer.<br><br>THE WITNESS:  Correct.<br><br>BY MR. O'BRIEN:<br><br>Q    Is that correct?<br><br>A    Sorry.  Correct.<br><br>Q    Okay.  And again here in the final document, the number of credits for that first period is limited to any credits that were issued during that very period; correct?<br><br>A    Correct.<br><br>Q    Okay.  And let's go down to the physical settlement two quantity.  The same is true with respect to the physical settlement two quantity; right?  It's phrased exactly the same way?<br><br>A    Correct. |
| 133:6-23 | Q    Okay.  Did you ever propose to anyone that there should just be some very simple clear language in this saying it will be a default under the agreement in the event that carbon credits in the appropriate amount are not issued within the period.<br><br>MR. HARE:  Object to the form.<br><br>A    I believe that that was in the contract from what I understood.  So I didn't raise that.<br><br>Q    I see.  But sitting here today, you can't look at this final agreement and point me to any language as to where that's what it says? |

5

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.,*
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | A    In this document, no.   But my understanding, as I said, is that the ISDA document had the default provisions. |
| 150:15-151:4 | Q    Okay.  He says, "If Aspiration wants zero risk, then we can simply wait until issuance and pay current market price."   Do you see that?<br><br>A   I see that.<br><br>Q    Okay.   That was an option that Aspiration had; correct?<br><br>A   Correct.<br><br>Q   And it chose not to do that; right?<br><br>A   Correct.<br><br>Q   Why not?<br><br>A    In order to take advantage of the discount that we had-- |
| 160:5-161:9 | Q    Mr. Lee, based on your role as chief carbon officer at Aspiration, and all the experience you have that you've talked about, did you ever get a sense from any source as to Verra's motivations for changing its standards?<br><br>A   Yes.<br><br>Q   Okay.  What was it?<br><br>A    To respond to market and broad criticisms of the quality of their credits that they were issuing.<br><br>Q    Right.  A bunch of people said that the credits that they were issuing lacked integrity or certain aspects of value; correct?<br><br>A   Correct. |

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.*,
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | Q   So they wanted to make it harder to get them issued and give people faith that when they were issued, they had gone through a more rigorous process; correct?<br><br>A   I believe so. |

| DEPOSITION DESIGNATIONS OF MIKE SHUCKEROW | |
|---|---|
| **Page(s) and Line(s)** | **Testimony** |
| 71:7-72:8 | Q   Yes, I am.  Why not?  You're not going to interpret it –<br><br>A   I'll -- I'll read it to you. I'll read what it says.  If you'd like me to interpret I'll read my interpretation to you.<br><br>"The amount of Carbon Credits issued by the Registry on each Registry Issuance Date during the Physical Settlement 1 Calculation Period; provided, however, in no event shall the aggregate Physical Settlement 1 Quantity for all Physical Settlement 1 Dates during the Physical Settlement 1 Calculation Period exceed [3,600,000] Carbon Credits (the 'Period 1 Amount')."<br><br>Q   Right.  And –<br><br>A   That's interpretation of the language.  I've just given it to you. Move on.<br><br>Q   Can you give me any other interpretation of it? |

7

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.*,
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | A   No. |
| 72:13-73:12 | Q   -- in the agreement on Physical Settlement.  There's language in the middle of the paragraph, "Physical Settlement."  "For the avoidance of doubt, Seller shall cause the Total Quantity to be delivered to Buyer during the Term hereof."  Did you have any involvement in including that language in this agreement?<br><br>A   I did not.<br><br>Q   Okay.  Can you help me interpret it beyond just looking at the words on the page.<br><br>A   I can read it to you if you would like again, Counsel –<br><br>Q   No, no.  Beyond just reading the –<br><br>A   Counsel, we can do -- we can do this all day –<br><br>Q   Mr. Shuckerow, beyond just reading the words, can you interpret it for me.<br><br>A   This is a contract.  This is it -- it's plain on its face. |
| 104:4-20 | Q   Okay.  Can you show me based on the words in this agreement how that there has been a default?<br><br>A   We filed our pleadings.  You can read them there.<br><br>Q   No.  I'm asking you as a witness, sir, who says he was involved in the negotiations and negotiating this contract.  Can you show me using the words in this confirmation how there has been a default –<br><br>A   I -- I can if you would -- if you would like I will read the entire contract and the entire |

8

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.,*
Case No. 23-cv-5262-LJL

| | |
|---|---|
| | agreement into the transcript; otherwise, you can assume that my answer is everything that's written on those pages. |
| 105:18-106:7 | Q   No, I'm not badgering you.  I'm asking you as a witness who's going to be called to trial to identify to me the language in this agreement that shows that there has been a default by my client.<br><br>A   I will read you the agreement in its entirety.  I am not interpreting chunks of the agreement for you outside of the four corners of this document.  This case rests on the four corners of the document.  You can ask me a hundred times. The answer is going to be, "I will read that document into the record for you if you would like." |
| 149:11-24 | Q   Is the phrase "carbon credits" as used in the definition the same concept that is reflected in the "Collateral" section?<br><br>A   What's in the agreement's, what's in the agreement, Counselor.<br><br>Q   Okay.  All right.  If that is your answer that is your answer –<br><br>A   Like at -- like, you know, I - I don't know what -- you're asking me to interpret a document that doesn't need to be interpreted. It's plain on its face –<br><br>Q   I got it.  "Plain on its face." Excellent. |

9

*Zero Carbon Holdings, LLC and Four Thirteen, LLC v. Aspiration Partners, Inc.*,
Case No. 23-cv-5262-LJL

Dated: April 2, 2024                                    **O'BRIEN LLP**
       New York, New York

By: /s/ _____

Sean O'Brien, Esq.
A.J. Monaco, Esq.
Sara Welch, Esq.
900 Third Avenue, 18th Floor
New York, New York 10022
Tel:  (212) 729-9243
Fax:  (646) 205-3071
sobrien@obrienllp.com
ajmonaco@obrienllp.com
swelch@obrienllp.com