```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
ZERO CARBON HOLDINGS, LLC et al.,                               :
                                                                :
                         Plaintiffs,                            :
                                                                :    23-cv-5262 (LJL)
            -v-                                                 :
                                                                :        ORDER
ASPIRATION PARTNERS, INC.,                                      :
                                                                :
                         Defendant.                             :
                                                                :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/31/24___

LEWIS J. LIMAN, United States District Judge:

The Court has *sub judice* the motion of Defendant Aspiration Partners, Inc. for attorneys' fees and costs. Dkt. No. 74. Under New York law, applicable here, Dkt. No. 35-4 at 18, a party seeking attorneys' fees "bears the burden of showing the reasonableness of the fee by providing definite information regarding the way in which time was spent." *Crowhurst v. Szczucki*, 2019 WL 6122645, at *4 (S.D.N.Y. Nov. 19, 2019), *report and recommendation adopted*, 2020 WL 133509 (S.D.N.Y. Jan. 11, 2020 (quoting *Flemming v. Barnwell Nursing Home & Health Facilities, Inc.*, 865 N.Y.S.2d 706, 708 (3d Dep't 2008), *aff'd*, 938 N.E.2d 937 (N.Y. 2010)). "In addition, under New York Law, '[i]t is settled that the award of fees must be predicated upon a 'proper and sufficient affidavit of services.'" *Id.* (alteration in original) (quoting *Bankers Fed. Sav. Bank FSB v. Off W. Broadway Devs.*, 638 N.Y.S.2d 72, 74 (1st Dep't 1996)). Defendant has failed to provide any definite information regarding the way in which the time was spent. Its time records are redacted to eliminate any information regarding the tasks performed by the timekeepers for whom it seeks to recover attorneys' fees, which the Court must evaluate in order to assess the propriety of the time spent on this matter. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S.

424, 437 n.12 (1983) (records of attorneys' fees must "identify the general subject matter" of the time that the attorney spent); *see also Fendi Adele S.r.l. v. Burlington Coat Factory Warehouse Corp.*, 2010 WL 11586698, at *13 (S.D.N.Y. Aug. 9, 2010).

Defendant's reply brief is due June 5, 2024.  Without passing judgment on the merits of Defendant's motion, the Court gives Defendant leave to provide definite information regarding how the time was spent, including information from its timekeeping records.  Plaintiffs shall have until June 14, 2024 to file a sur-reply brief limited to the reasonableness of Defendant's attorneys' fee request.[1]

SO ORDERED.

Dated: May 31, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] The Court emailed a copy of this Order to the parties at their counsel-provided email addresses on the CM-ECF docket on Friday, May 31, in order to ensure that Defendant had adequate time to produce the requested timekeeping records.