UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZERO CARBON HOLDINGS, LLC and FOUR THIRTEEN, LLC.<br><br>    Plaintiffs,<br><br>    v.<br><br>ASPIRATION PARTNERS, INC.<br><br>    Defendant. | 23-CV-5262 (LJL) |

### JUDGMENT CREDITOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO JUDGMENT DEBTOR

Judgment Creditor, Aspiration Partners, Inc., by and through its undersigned counsel, propounds the following Requests for Production of Documents to Judgment Debtor, Four Thirteen, LLC, pursuant to Rules 34 and 69(a) of the Federal Rules of Civil Procedure in aid of collection of the judgment entered herein on September 20, 2024.

### DEFINITIONS

(a)   The following definitions apply to all discovery requests:

   1.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   2.   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

   3.   When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

   4.   When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

    5. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    6. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    7. The pronoun "you" refers to the parties to whom these Interrogatories are addressed, and the persons mentioned in clause (b).

    8. "Your possession, custody or control," means within Your possession, custody or control and each person (as defined above) acting or purporting to act on Your behalf, and includes documents which were prepared or obtained by, or placed in the possession, custody or control of any such person within the scope of his or her duties.

    9. "Judgment Debtor" means Four Thirteen, LLC, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

    10. "Judgment Creditor" means Aspiration Partners, Inc.

  (b) The following rules of construction apply to all discovery requests:

    1. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    3. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

  1. These discovery requests are continuing in nature and should be supplemented immediately upon the receipt by you of any knowledge or information that changes or alters in any way any response provided. Further, any document obtained or located subsequent to production which should have been produced had it been available, or its existence known at the time, is to be supplied forthwith.

  2. If a privilege not to answer is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.

  3. If a refusal to answer a request is stated on the grounds of burdensomeness, identify the number and nature of documents needed to be searched, the location of the documents, and the number of hours and costs required to conduct the search.

  4. If any request cannot be answered in full, answer to the extent possible and specify the reasons for your inability to answer.

  5. If any document requested herein was formerly in your possession, custody or

control and has been lost or destroyed, you are requested to submit in lieu of each such document a written statement which: (1) describes, in detail, the nature of the document and its contents; (2) identifies the person or persons who prepared or authored the document and, if applicable, the person or persons to whom the document was sent; (3) specifies the date on which the document was prepared and transmitted, or both; and (4) specifies, if possible, the date on which the document was lost or destroyed and, if destroyed, the condition or reasons for such destruction and the person or persons requesting and performing the destruction.

6. If any document otherwise required to be produced pursuant to the Request for Production of Documents is withheld, you shall identify the document by stating its date, author, recipient and the reason for withholding.

7. These discovery requests seek electronic information whether active (those files listed on a personal computer, file server or floppy disk), archived (files backed up and sent to storage) and/or transparent (information deleted from the personal computer or the file server but which remains in the system despite not appearing on the computer's directory). It is requested that all documents and/or other data compilations that concern the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.

8. Documents requested shall be produced at the offices of Whiteford, Taylor & Preston L.L.P., Two James Center, 1021 E. Cary Street, Suite 2100 Richmond, Virginia 23219, and shall specify which Documents are produced in response to each of the numbered paragraph requests.

## **REQUESTS FOR PRODUCTION**

1. All statements for any bank accounts, investment accounts, brokerage accounts, or other cash accounts in the name of the Judgment Debtor for the years 2023 and 2024.

2. All of your financial statements (audited or otherwise) for the fiscal years 2023 and 2024, including, but not limited to, balance sheets, profit and loss statements, income statements, and statement of cash flows.

3. All documents relating to any assets owned by the Judgment Debtor.

4. All documents showing or relating to the sale and/or transfer any of your assets from January 1, 2023 through the present, including but not limited to contracts, agreements, financial statements, correspondence, closing documents, bills of sale, assignments, and asset inventories.

5. All documents or communications showing or relating to any distributions of profits, salaries, bonuses, compensation, or any other renumeration paid to the members, owners, managers, or officers of the Judgment Debtor during the years 2023 and 2024.

Dated: October 7, 2024

Respectfully submitted,

/s/ Stephen M. Faraci, Sr.
Stephen M. Faraci, Sr.
New York State Bar No. 5052501
Virginia State Bar No. 42748
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 E. Cary Street, Suite 2100
Richmond, Virginia 23219
Telephone:   (804) 977-3307
Facsimile:    (804) 977-3298
Email:         sfaraci@whitefordlaw.com

*Attorneys for Judgment Creditor,*
*Aspiration Partners, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October, 2024, I served the foregoing *Judgment Creditor's First Set of Requests for Production of Documents to Judgment Debtor* by e-mail on the following:

>Sean R. O'Brien, Esq.
>O'Brien, LLP
>900 Third Avenue
>18th Floor
>New York, NY 10022
>Email: sobrien@obrienllp.com

/s/ Stephen M. Faraci, Sr.
Counsel