```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ZERO CARBON HOLDINGS, LLC and FOUR :
THIRTEEN, LLC, :
:
                      Plaintiffs, :   23-cv-05262 (LJL)
:
     -v-                   :   ORDER
:
ASPIRATION PARTNERS, INC. :
:
                      Defendant. :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      On January 7, 2025, Judgment Creditor Aspiration ("Aspiration") moved to compel discovery in aid of judgment enforcement against Judgment Debtor Four Thirteen, LLC ("Four Thirteen"), pursuant to Rule 1(C) of this Court's Individual Practices, and Rules 37 and 69(a) of the Federal Rules of Civil Procedure. Dkt. No. 87.

      On September 20, 2024, this Court entered judgment for Aspiration against Four Thirteen in the amount of $522,110.12. Dkt. No. 86. On October 7, 2024, Aspiration issued its First Set of Interrogatories and its First Set of Request for Production of Documents on Four Thirteen pursuant to Federal Rule 69(a). Dkt. No. 87. Four Thirteen was served on October 23, 2024, and its responses were due on or before November 22, 2024. *Id*. Four Thirteen failed to respond by that date. *Id*. Furthermore, Four Thirteen has submitted no response to Aspiration's letter-motion to compel, and the time for a response has now elapsed. *See* Chambers of Lewis J. Liman, Individual Practices in Civil Cases 1.C. (adverse parties must respond to letter-motions within two business days).

      Under Rule 69, a judgment creditor "may obtain discovery from any person" in aid of judgment or execution "as provided in these rules or by the procedure of the state where the

court is located." Fed. R. Civ. P. 69(a)(2).  Discovery under Rule 69 "is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing Fed. R. Civ. P. 69(a)(2) and Fed. R. Civ. P. 26(b)(1)), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).  "New York state's post-judgment discovery procedures, made applicable to proceedings in aid of execution by Federal Rule 69(a)(1), have a similarly broad sweep," providing that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment." *Id.* (quoting N.Y. C.P.L.R. § 5223).

The Court finds that Aspiration's discovery requests are calculated to assist in the collection of their judgment, and are therefore proper under Rule 69.  Four Thirteen shall respond to Aspiration's requests in full by May 22, 2025.

Aspiration shall serve this order on Four Thirteen no later than May 1, 2024, and shall file proof of service on the docket.  Aspiration seeks attorney's fees and costs for the filing and prosecution of this motion.  Dkt. No. 87 at 2.  Four Thirteen has been given an opportunity to be heard.  Four Thirteen's failure to respond to the Interrogatories and Document Requests is not substantially justified and there are no other circumstances that would render an award of fees and costs unjust.  Fed. R. Civ. P. 37(a)(5).  Accordingly, fees and costs are awarded and Aspiration may submit records of its fees and costs to the Court on notice to Four Thirteen.

The Clerk of Court is respectfully directed to close Dkt. No. 87.

SO ORDERED.

Dated: April 24, 2025
       New York, New York

_____
                LEWIS J. LIMAN
                United States District Judge